UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH BURWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., a corporation, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No. 8:18-cv-00589-JLS-JDE<br><br>**STIPULATED PROTECTIVE ORDER; AND ORDER**<br><br><br>Date Action Filed:　March 6, 2018<br>Trial Date:　　　　None |

1

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment.

2. GOOD CAUSE STATEMENT

This action is likely to involve private personal information, trade secrets, and other valuable commercial, financial, medical, or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may include sales rankings, confidential and private employee and independent contractor information (including employee or independent contractor lists), confidential sales and marketing plans, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The above categories represent the kinds of documents that may include—but do not necessarily include—material that should qualify as being subject to this protective order. The confidentiality of specific items within these categories may be challenged, as noted in section 4.3 below.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material to preparation for and conduct trial, to address

the handling of material at the end of the litigation, and to serve the ends of justice, a protective order for that information is justified here. The parties intend that the information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that the information has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. ACKNOWLEDGEMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Local Civil Rule 79-5 sets forth the procedures to follow and the standards to apply when a party seeks court permission to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and a specific showing of good cause or compelling reasons, with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then sealing requires compelling reasons, not only good cause, and the relief sought must be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and

legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction would not be feasible.

4. DEFINITIONS

4.1. *Action.* The action originally filed on March 6, 2018, in Orange County Superior Court, Case No. 30-2018-00977642-CU-WT-CJC, and removed to this Court on April 10, 2018, Case No. 8:18-cv-00589-JLS-JDE. (Dkt. #1, Ex. A.)

4.2. *Challenging Party.* A Party or Non-Party that challenges the designation of information or items under this Order.

4.3. *"CONFIDENTIAL" Information or Items.* Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and that fall within a category specified above in the Good Cause Statement. A CONFIDENTIAL designation can be challenged, however, as to specific items that fall within such a category.

4.4. *Counsel.* Counsel of Record and also House Counsel (as well as their support staff).

4.5. *Designating Party.* A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.6. *Disclosure or Discovery Material.* All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.7. *Expert.* A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8. *House Counsel.* Attorneys who are employees of a party to this Action. House Counsel does not include Counsel of Record or any other outside counsel.

4.9. *Non-Party.* Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.10. *Counsel of Record.* Attorneys who are not employees of a party to this Action but who are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.11. *Party.* Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

4.12. *Producing Party.* A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.13. *Professional Vendors.* Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14. *Protected Material.* Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.15. *Receiving Party.* A Party or a Non-Party that receives Disclosure or Discovery Material from a Producing Party.

5. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted from Protected Material, (2) all copies, excerpts, summaries, or compilations of Protected

5

Material, and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

6. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order that was also used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

7. DESIGNATING PROTECTED MATERIAL

7.1. *Exercise of Restraint and Care in Designating Material for Protection.* Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that

other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2. *Manner and Timing of Designations.* Except as otherwise provided in this Order (see, e.g., second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents in tiff, jpeg, pdf or other image format, but excluding transcripts of depositions or other pretrial or trial proceedings)—that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). In the case of electronically stored information produced in native format, by including "CONFIDENTIAL" in the file or directory name, or by affixing the CONFIDENTIAL legend or to the media containing the Discovery Material (e.g., CDROM, floppy disk, DVD).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed

"CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must mark them in accordance with the preceding paragraph.

(b) for testimony given in depositions—that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony, or that the Designating Party send written notice, within 30 days of receipt of the transcript of the testimony, as to what portions of the transcript are to be deemed Protected Material. The Parties may modify this procedure for any particular deposition or other pretrial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

(c) for information produced in some form other than documentary and for any other tangible items—that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portions.

7.3. *Inadvertent Failures to Designate.* Failure to designate Discovery Material as Protected Material shall not waive a claim of confidentiality and may be corrected. A Producing Party may designate as "Confidential" any Discovery Material that has already been produced—including Discovery Material that the Producing Party failed to designate as "Confidential"—(i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Protected Material, or (ii) in any manner consistent with Section 7.2. Upon receiving supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Protected Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials

generated based upon such newly designated information are immediately treated as containing Protected Material. In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material before its designation as "Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Section 9 of this Stipulation and Order. If the Receiving Party is unable to arrange for the return or destruction of such documents and things from such unauthorized parties or individuals, then the Receiving Party shall notify the Producing Party within 14 days of notice from the Producing Party of the identity of such unauthorized parties or individuals and the efforts made to secure the return or destruction of such documents and things. The Receiving Party's disclosures of Protected Material to unauthorized individuals, prior to the receipt of notice from the Producing Party of a new designation, would not be a violation of this Stipulation. The Producing Party shall promptly provide substitute copies of produced material bearing the appropriate confidentiality designation in accordance with Section 7.2. Within 14 days of the receipt of substitute copies of the produced material, the Receiving Party shall return or destroy the originally produced material and not retain any copy. If the Receiving Party disagrees with the redesignation of the produced material, it may challenge the redesignation in the manner prescribed in Section 8.

8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    8.1. *Timing of Challenges.* Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

9

STIPULATED PROTECTIVE ORDER

8.2. *Meet and Confer.* The Challenging Party shall initiate the dispute resolution process under Local Rule 37.

8.3. *Joint Stipulation.* Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4. *Burden of persuasion.* The burden is on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9. ACCESS TO AND USE OF PROTECTED MATERIAL

9.1. *Basic Principles.* A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2. *Disclosure of "CONFIDENTIAL" Information or Items.* Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party, in the case of an individual, or the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, in the case of a corporation;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses in the Action and their attorneys, to whom disclosure is reasonably necessary, provided that: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

(a) promptly notify in writing the Designating Party, and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, and include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court issuing the subpoena or order, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order apply to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, then the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, then the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If a Producing Party claims that it failed to designate or withhold any production materials or other information as privileged or work-product materials, it shall promptly notify, in writing, all parties to whom such privileged material was produced or disclosed of the producing party's intent to assert a claim of privilege or work-product over such materials ("Privileged Material").

The Receiving Party may object to the Producing Party's designation of disclosed information as Privileged Material by providing written notice of such objection within 14 days of receiving a written demand for the return of the disclosed Privileged Material. Any such objection shall be resolved by the Court in an *in camera* review. The Receiving Party agrees not to argue in connection with a dispute over Privileged Material that the Producing Party prior to its disclosure failed to take reasonable steps to prevent disclosure.

Pending resolution of any such dispute by the Court, the Receiving Party shall sequester and shall not use the disclosed Privileged Material in any respect. Where the parties agree, or the Court orders, that a document is protected by the attorney-client, work-product, or other privilege, and such document was originally produced in electronic format on media containing production materials that are not subject to any exemption from production, the Producing Party shall promptly provide replacement production to the receiving party.

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product protected document does not waive of privilege or protection from discovery in this case or in any other federal or state proceeding. The production by any producing party, whether in this action or in any other proceedings, of materials subject to a claim of privilege or work-product shall not result in a waiver of any such protection in this action for the produced materials or for any other privileged or immune materials containing the same or similar subject matter. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a

waiver in this case or in any other federal or state proceeding. Nor shall the fact of production by any producing party in this action be used as a basis for arguing that a claim of privilege or work-product has been waived in any other proceeding.

Nothing in this Order shall relieve counsel for any receiving party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work-product materials without being requested by the producing party to do so. Rather, if a Receiving Party becomes aware that has what appears to be a privileged document, then Receiving Party shall immediately (i) cease any further review of that document, (ii) promptly sequester the potentially privileged material, and (iii) notify the producing party of the production, requesting whether the Producing Party intended for the document to be produced. In the event the Producing Party confirms the production of the privileged document, the Receiving Party shall promptly return or destroy all copies of the produced privileged document in its possession and take reasonable steps to retrieve all copies of the produced privileged documents distributed to other counsel or non-parties.

14. MISCELLANEOUS

14.1. *Right to Further Relief.* Nothing in this Order abridges the right of any person to seek its modification.

14.2. *Right to Assert Other Objections.* By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3. *Filing Protected Material.* A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may be filed only under seal under a court order authorizing the sealing of the Protected Material at issue. If a request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless the Court otherwise instructs.

      12.4   *Effective Upon Execution of the Parties.* The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

15.    FINAL DISPOSITION

      After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

16.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

/ / /

/ / /

/ / /

/ / /

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Mason Winters, certify that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: August 23, 2018      Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Mason R. Winters
    Jeffrey A. Berman
    Camille A. Olson
    Richard B. Lapp
    David D. Kadue
    Mason R. Winters

Attorneys for Defendant
ASHLEY FURNITURE INDUSTRIES, INC.

DATED: August 23, 2018      STILLWELL LAW OFFICE, P.C.

By: /s/ Geniene B. Stillwell
    Geniene B. Stillwell
    Freda Tjoarman

Attorneys for Plaintiff
DEBORAH BURWELL

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 24, 2018

_____
JOHN D. EARLY
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Deborah Burwell v. Ashley Furniture Industries, Inc.*, Case No. 8:18-cv-00589-JLS-JDE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed:

Printed name:

Signature: